UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BEVERLY HENRY,
THADDEUS ROGIER,

           Plaintiffs,

v.

COUNTY OF NIAGARA, et al.,

           Defendants.

**Hon. Hugh B. Scott**

10CV800A

**Order**

Before the Court is plaintiffs' motions (a) for leave to amend the Complaint and (b) for an extension of time to serve John Doe defendants (Docket No. 24[1]). Responses to this motion were due by June 10, 2011, with any reply due by June 21, 2011 (Docket No. 25). After granting defendants' request to submit a sur-reply, that paper was due by July 8, 2011, and the motion was then deemed submitted, without oral argument (Docket No. 31). Defendants filed their sur-reply on June 24, 2011 (Docket No. 32), and the motion was thus deemed submitted as of that date.

BACKGROUND

This is a civil rights action where plaintiffs allege unreasonable seizure, racial profiling, and infringement on their right to travel by being stopped and seized by Niagara County Sheriff's

---

[1] In support of their motion, plaintiffs submit the declaration of their counsel; the proposed Amended Complaint (in redline/strikeout format); Memorandum of Law, Docket No. 24; Reply Declaration of their attorney, Docket No. 30; Reply Memorandum of Law, Docket No. 30.
    In opposition, defendants submit their attorney's affidavit (with exhibit), Docket No. 27; Memorandum of Law, Docket No. 28; Sur-Reply Affidavit (with exhibit), Docket No. 32. The Sur-Reply was pursuant to leave granted by this Court, Docket No. 31.

deputies when plaintiffs were approaching the Lewiston-Queenston Bridge, Lewiston, New York (see Docket No. 1, Compl.). Plaintiffs name the County of Niagara, its Sheriff's Department, and two named employees of that department (Ray Tracy and C.S. Page) as defendants (id. ¶¶ 3-7). Plaintiffs also are suing fifteen John Doe defendants, employees of the Niagara County Sheriff's Department allegedly involved in this incident (id. ¶¶ 8-9).

On April 28, 2009, plaintiffs were driving to Canada when they were stopped by Niagara County Sheriff's deputy Tracy within a half mile of the Lewiston-Queenston Bridge (id. ¶¶ 16-17). During this stop, another deputy brought a police dog to plaintiffs' vehicle to sniff it (id. ¶¶ 22-24). Plaintiff driver Thaddeus Rougier[2] then exited the vehicle, took out a camera to take pictures of this incident, when a deputy approached Rougier and took his camera (id. ¶¶ 25-26). Another deputy arrived and asked plaintiff Beverly Henry to step out of the vehicle. She asked to retrieve her jacket but was told officers would get it; when they did, they searched the jacket before handing it to her. (Id. ¶¶ 27-28.) Rougier then walked behind the vehicle when he was told by a deputy to not move and then was thrown upon the trunk of the deputy's vehicle with his hands pulled behind him, as if to handcuff him (id. ¶¶ 30-31), but then placed him (uncuffed) into the deputy's vehicle (id. ¶ 32). Henry then joined Rougier in the deputy's vehicle and both were detained (id. ¶ 33). More deputies arrived and then plaintiffs' luggage was removed from the trunk and searched on the side of the road (id. ¶ 37). Plaintiffs' vehicle was taken to the United States-Canadian border where an x-ray truck was used to examine the vehicle, as well as a second physical and canine inspection of the car's contents, not finding any drugs during this

---

[2]One part of plaintiffs' motion for leave to amend the Complaint is to correct the spelling of this plaintiff's name in the pleading. His last name is spelled with and without a "u." Consistent with the decision in this Order, plaintiff's name will be spelt "Rougier."

search (id. ¶¶ 41-43).  Then defendants called over immigration officials to check plaintiffs' passports (id. ¶¶ 43-44).  Defendants then issued plaintiffs traffic citations after detaining them for over three hours (id. ¶ 45), with these citations later dismissed (id. ¶ 53).

Plaintiffs allege that defendants violated plaintiffs' civil rights by unreasonably seizing and detaining them without due process of law (id., First Claim).  Plaintiffs claim that defendants applied racial profiling based upon the race (African American) and national origin (Henry was born in Jamaica, Rougier in Grenada) of the plaintiffs (id., Second Claim, ¶¶ 1-2).  Finally, they allege that defendants interfered with their right to travel (id., Third Claim).

Niagara County, its Sheriff's Department, Tracy and Page answered (Docket No. 5), and plaintiffs served a Reply to the counterclaim asserted in the Answer (Docket No. 9).  Defendants filed their Rule 26(a)(1) disclosure on January 14, 2011 (Docket No. 11; see Docket No. 32, Sur-Reply Ex. A).  In that notice, defendants named three deputy witnesses[3] aside from defendant Tracy and produced the incident report for the events in question (Docket No. 11, Def. Rule 26(a)(1) Disclosure at 2, Ex. A).  This Court then entered a Scheduling Order (Docket No. 17), after extending plaintiffs' time to serve the John Doe defendants (Docket No. 15).  Plaintiffs again moved for a "reasonable extension of time" to serve the John Doe defendants (Docket No. 22), which was granted in part, allowing service until May 20, 2011 (Docket No. 23).

*Plaintiffs' Present Motions*

On May 12, 2011, plaintiffs now move for leave to file an Amended Complaint and for a further extension of time to serve the John Doe defendants (Docket No. 24).  The amendments correct the spelling of Rougier's name and other minor spelling errors in the pleading; it names

---

[3]Deputy Sheriffs Raymond Needle, Craig Beiter, and Daniel Douglas.

Deputy Raymond Needle instead of Deputy Page as a defendant; it identifies two other deputies as defendants, Craig Beiter and Daniel Douglas, and deletes references to John Doe defendants (see generally Docket No. 24, Redline/Strikeout Proposed Am. Compl.).  The amendment seeks to clarify that plaintiffs were suing the deputies in their individual capacities and set out more fully their claims against Niagara County (Docket No. 24, Pls. Memo. at 3), namely that the County had a policy and practice of racially profiling drivers traveling in the County and applying facially neutral traffic laws in an intentionally discriminatory manner (id., Redline/Strikeout Proposed Am. Compl. newly inserted ¶¶ 18-19, Second Claim newly inserted ¶¶ 68-71).  They argue that there was no undue delay in seeking this amendment and that defendants would not be prejudiced by it (Docket No. 24, Pls. Memo. at 2, 3-4).  Given this motion for leave to amend, plaintiffs also seek an extension of the May 20, 2011, deadline to serve the (now identified) John Doe defendants (id. at 4).

Defendants object to the timing of plaintiffs' motion, since plaintiffs were provided initial disclosure on January 14, 2011, which gave them information (listing of witnesses, many of whom plaintiffs now seek to name as defendants, and producing an incident report) that could enable them to name these new defendants (Docket No. 27, Defs. Atty. Aff. ¶¶ 4-6, 8-11).  Defendants contend that plaintiffs had a deadline as late as March 7, 2011 (Docket No. 17), in which to amend pleadings or move to add parties but instead waited until May 12, 2011, to do so (Docket No. 27, Defs. Atty. Aff. ¶¶ 8-11).  They dispute that their subsequent discovery was necessary to reveal these parties to plaintiffs because they could have learned of them earlier in the initial disclosure (id. ¶¶ 12-13).  Defendants argue that the substantive amendments add new allegations that now allege a § 1983 claim that the original Complaint failed to do, despite

plaintiffs' contention that they are not seeking to add new causes of action with this amendment (id. ¶¶ 15-17). Finally, defendants refute plaintiffs' claim that the amendment would sue the deputies only in the individual capacity; comparing the original and proposed amended pleadings, defendants find no difference in that both allege claims against the deputies in their official and individual capacities (id. ¶ 18; compare Docket No. 1, Compl. ¶ 7 with Docket No. 24, Redline/Strikeout Proposed Am. Compl. newly renumbered ¶ 9). The proposed Amended Complaint does not remove the official capacity aspect of their suit against the deputies. Finally, defendants argue that this amendment would extend discovery beyond the July 7, 2011, Scheduling Order deadline (Docket No. 28, Defs. Memo. at 5), and no one has sought to extend the Scheduling Order either generally or to conduct additional discovery regarding these new defendants and claims.

Plaintiffs reply that they needed discovery beyond the defense's initial disclosure in order to identify the John Doe defendants and required additional time to serve them, hence their requests for extension of the 120 days in which to serve defendants under Rule 4(m) (Docket No. 30, Pls. Reply Memo. at 2-3). This initial disclosure only provided the names of witnesses and did not reveal their roles, nor did this disclosure discount Page's involvement in the incident (Docket No. 30, Pls. Atty. Reply Decl. ¶¶ 5-8, Exs. A, B (ticket issued by Page to plaintiffs)). They argue that they did not obtain definitive identification of these John Does until April 19, 2011, when defendants responded to their document requests (Docket No. 30, Pls. Reply Memo. at 3-4). Even if the request is outside of the Scheduling Order deadline, plaintiffs argue that leave may still be granted if the opponent cannot show that it was prejudiced by the timing of the

motion (id. at 5). They deny seeking a new claim, instead, plaintiffs assert that they are clarifying or amplifying their existing claims (id. at 6).

Defendants, in their sur-reply, refute that the initial disclosure provided limited information, pointing to the attached incident report which identified the participants (Docket No. 32, Defs. Atty. Sur-Reply Aff. ¶¶ 3-5, Ex. A).

In setting the briefing for this motion, the Court held in abeyance the May 20, 2011, deadline for service of the John Doe defendants until after resolution of this motion (Docket No. 25).

DISCUSSION

I.  Applicable Standards

   A.  Leave to Amend Standard

Given the timing of plaintiffs' motion, there is a confluence of two rules here.

Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do so as of right requires either consent of all parties (apparently not present here) or by leave of the Court. Under Rule 15(a) motions for leave to amend the complaint are to be freely given when justice requires. Granting such leave is within the sound discretion of the Court. Foman v. Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)) (emphasis added).

"Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed," Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 243 (2d Cir. 2007).  When a Scheduling Order has been entered setting forth deadlines for amending pleadings or adding parties, see Fed. R. Civ. P. 16(b)(3)(A), the freely given leave to amend under Rule 15 must be balanced against the Rule 16 requirements that a Scheduling Order "may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4) (effective Dec. 2009); see Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (one year delay in seeking to amend Complaint with summary judgment motion pending); Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009) (Docket No. 28, Defs. Memo. at 2).  Whether good cause exists is for the movant to establish, Grochowski, supra, 318 F.3d at 86; Holmes, supra, 568 F.3d at 334-35 (id.), with a finding of good cause dependent upon "the diligence of the moving party," Grochowski, supra, 318 F.3d at 86; Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).  In this district, good cause has been defined in this context to mean that scheduling deadlines cannot be met despite the party's diligence, Carnrite v. Granada Hosp. Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997) (Foschio, Mag. J.) (R&R, denying motion for leave to amend pleading due to delay from November 1995 scheduling order deadline to September 1996 proposal to stipulate to amendment and November 1996 cross-motion for leave to amend), adopted, 175 F.R.D. 439 (W.D.N.Y. 1997) (Arcara, J.).

B.      Extension of Time to Serve Defendants

Federal Rule of Civil Procedure 6(b)(1) allows this Court to extend the time to perform an act, for good cause shown, if the request is made before the expiration of the original date.

II.      Amending the Complaint

Plaintiffs propose two different types of amendments.  One set of amendments are stylistic corrections, while the others add parties and change substantive claims.  First, they seek to correct the spelling of one plaintiff's name ("Rougier" for "Rogier") in the caption of the original Complaint and elsewhere in the pleading, as well as correct spelling of defendant Tracy consistently in the document; second, they seek to delete reference to C.S. Page as a defendant; third, they seek to name some of the John Doe defendants, including a new defendant instead of Page.  As for the first amendments, they are uncontroversial (and not controverted) and therefore **are granted**.

Regarding the second proposed amendment, defendants do not oppose the amendment dropping Page as a defendant (Docket No. 27, Defs. Atty. Aff. ¶ 2 n.1).  Thus, plaintiffs' motion to drop references to C.S. Page as a defendant is also **granted**.

The remaining amendments (including naming Needle for Page), however, are controversial.  The issue is whether plaintiffs unduly delayed seeking them.  Defendants oppose these amendments (naming three heretofore John Does as defendants, fleshing out the municipal liability against Niagara County) as being unduly delayed, since plaintiffs were aware of the parties and these claims since January 2011.  While leave to amend would be freely given had plaintiffs made a timely application, their motion now essentially seeks to modify the Scheduling Order to allow an untimely amendment and they need to show good cause for such a modification.

Defendants point to cases of undue delay similar to plaintiffs' delay here where courts have denied leave to modify the Scheduling Order or to amend the pleadings upon untimely

applications (Docket No. 28, Defs. Memo. at 5), see John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994). In Grochowski, supra, 318 F.3d at 86, plaintiffs delayed for a year before seeking leave to amend the Complaint, see also Carnrite, supra, 175 F.R.D. at 446 (one-year delay), while in John Hancock, supra, 22 F.3d at 462, movant was over four months late with its amendment, the district court was held not to have abused its discretion in denying leave to amend.

     Here, the delay from the deadline for motions for leave to amend was over two months, from March 7, 2011, the Scheduling Order deadline for motions for leave to amend pleadings and to add parties, to May 12, 2011, and the filing of this motion. Defendants point to when plaintiffs first learned of the names of the defendants they intend to add back in January but plaintiffs needed to confirm their understanding of who was (or who else were) the John Doe officers at the scene during this incident. Thus, the Court will use the Scheduling Order deadline as the starting point to determine whether an undue delay occurred here. Applying the precedents within and from this Circuit cited above, two months past the Scheduling Order deadline **was not** an "undue delay" under either Rule 16 or 15 to justify denying leave to amend (as well as modification of the Scheduling Order to allow for that leave).

     As plaintiffs note (see Docket No. 30, Pls. Reply Memo. at 3), good cause (including the absence of undue delay) is but one factor for this Court to consider in deciding whether to grant leave to amend (albeit out of time). Another factor is whether the opponent would be prejudiced by the amendment, Kassner, supra, 496 F.3d at 244 (id.). Plaintiffs omit to consider that the Second Circuit makes the primary consideration whether the movant has shown diligence, id.; Parker, supra, 204 F.3d at 339-40. Defendants only argue prejudice from the additional

9

discovery adding these new parties and claims given the July 7, 2011, discovery deadline; they do not argue any prejudice from the delay itself. Since these amendments identify the John Doe defendants and add omitted allegations to state a municipal liability claim against Niagara County, there is no prejudice to defendants in granting leave to amend or modifying the Scheduling Order to allow this amendment.

Thus, plaintiffs' motion for leave to amend (and, in effect, to modify the Scheduling Order to allow that motion) is **granted**.

III.     Extension of Time to Serve Defendants

Twice plaintiffs have sought to extend the 120 days they had to serve defendants, including the John Does (Docket No. 22; see Docket Nos. 15, 23). Plaintiffs made a timely third application with this motion for leave to amend the Complaint. With the amendment of the Complaint naming three new defendants, plaintiffs now can serve these parties. The identification of these defendants is the good cause for granting an extension of time to serve them. Plaintiffs' motion for extension of time (Docket No. 24) is **amended** pursuant to the schedule set forth below.

IV.     Amended Scheduling Order

Defendants argued that the Amended Complaint would extend discovery beyond the deadline of July 7, 2011 (Docket No. 28, Defs. Memo. at 5). Recognizing this, the Court enters the following Amended Schedule Order. The previous Scheduling Order (Docket No. 17) is hereby modified as follows (unless otherwise changed below, the remaining dates in the previous Scheduling Order continue in effect):

1. Plaintiffs shall have until **July 18, 2011**, to serve the Amended Complaint upon all defendants.  Pursuant to Rule 15(a)(3), defendants shall respond to the Amended Complaint within **fourteen (14) days** after service of the amended pleading.

2. The referral to mediation shall terminate on **March 30, 2012**.  In the event that settlement is not reached, the case will progress toward trial, as scheduled below.  As previously ordered, the referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.

3. All discovery in this case shall conclude on **November 28, 2011**.  All motions to compel shall be due at least **30 days prior** to that discovery cutoff date.

4. The parties shall identify any expert witnesses through interrogatories pursuant to Fed. R. Civ. P. 26(b)(4) as follows:  (1) plaintiffs shall identify any expert witnesses by **August 30, 2011**; (2) defendants shall identify any expert witnesses by **October 14, 2011**.

5. Dispositive motions, if any, shall be filed no later than **February 27, 2012**.  Such motions shall be made returnable before the Magistrate Judge.

6. No extension of the above cutoff dates will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension.

7. Moreover, if counsel are of the belief that an intermediate conference with Judge Arcara or Magistrate Judge Scott would be of assistance in the prompt disposition of the case, such a conference will be scheduled upon application of any party.

8. A final pretrial conference pursuant to Fed. R. Civ. P. 16(e) and Local Civil Rule 16(e) will be scheduled by Judge Arcara.

Counsel's attention again is directed to Fed. R. Civ. P. 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

CONCLUSION

For the reasons stated above, plaintiffs' motion (Docket No. 24) for leave to amend the Complaint is **granted**.  As for their motion for extension of time to serve defendants (id.) is **granted**.

An Amended Scheduling Order, as set forth above, is entered.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 5, 2011