UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BEVERLY HENRY,
THADDEUS ROUGIER,

                    Plaintiffs,

     v.                                  DECISION AND ORDER
                                              10-CV–800

COUNTY OF NIAGARA, et al.,

                    Defendants.

---

     The instant civil rights action involving claims for constitutional violations including unreasonable seizure, racial profiling and infringement on right to travel was referred to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. §636(b)(1).  Defendants filed a motion for summary judgment dismissing Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 56.  (Dkt. No. 50) Plaintiffs filed a response to the motion on May 29, 2012 and Defendants filed a reply on June 12, 2012.  (Dkt. Nos. 52 and 55)

     Upon review of those submissions, Magistrate Judge Scott ordered Defendants to provide Plaintiffs with the affidavit of Scott Hawkins, who had not previously been disclosed as an expert, by August 22, 2012. (Dkt. No. 57) Plaintiffs were then given leave to supplement their responses to the summary judgment motion by September 18, 2012.  Defendants served their expert

disclosure, Plaintiffs responded, and Magistrate Judge Scott deemed the matter submitted.  (Dkt. Nos. 57 and 58).

On November 5, 2012, Magistrate Judge Scott issued a Report and Recommendation recommending that Defendants' motion be granted in part and denied in part.  (Dkt. No. 59)  Specifically, Magistrate Judge Scott recommended the following: (1) that this Court grant summary judgment dismissing Plaintiffs' claims against the Niagara County Sheriff's Department, since it is not a separate legal entity subject to suit; (2) that this Court grant summary judgment dismissing Plaintiffs' claims against Niagara County, since Plaintiffs had not sufficiently alleged that Niagara County had a policy of selectively stopping and racially profiling motorists with out-of-state license plates and because Niagara County is not vicariously liable for the acts of the Niagara County Sheriff; (3) that this Court grant summary judgment dismissing Plaintiffs' claims of racial profiling, in violation of the Fourteenth Amendment and the Civil Rights Act, since Plaintiffs fail to produce any evidence of racial profiling on the part of individual Defendants or a policy of racial profiling; and (4) that this Court grant summary judgment dismissing Plaintiffs' claims that Defendants violated their right to interstate travel, since Plaintiffs fail to state a claim for deprivation of the privilege or immunity of the right to interstate travel pursuant to the Fourteenth Amendment.  *Id*.

Magistrate Judge Scott also recommended that this Court: (1) deny summary judgment as to Plaintiffs' claim of unreasonable seizure in violation of

the Fourth and Fourteenth Amendments, since material issues of fact exist regarding whether Plaintiffs consented to the transport of their vehicle to a second location for further inspection and an x-ray examination; and (2) that this Court deny summary judgment with respect to individual Defendants' claims of qualified immunity, since material issues of fact exist with respect to whether "any detention time due to a non-consented x-ray stop would prolong the stop beyond objective reasonableness." *Id*.

On November 19, 2012, Defendants filed objections to certain findings in Magistrate Judge Scott's Report and Recommendation.  (Dkt. No. 60) Specifically, Defendants objected to: (1) Magistrate Judge Scott's finding that a material issue of fact existed as to whether Defendant Tracy, a Niagara County Sheriff's Deputy, violated Plaintiffs' rights when he stopped their car for a suspected violation of Section 375 of the New York Vehicle and Traffic Law, which prohibits rear window tinting with light transmittance of less than 70%; (2) Magistrate Judge Scott's finding that a material issue of fact existed as to whether Plaintiffs consented to removal of their vehicle to a US Customs' border crossing for further search and an x-ray examination; and (3) Magistrate Judge Scott's finding that Defendants are not entitled to qualified immunity.  *Id*.   Plaintiffs filed a response to Defendants' objections on December 13, 2012.  (Dkt. No. 62) Defendants filed a reply on January 4, 2013 (Dkt. No. 63), and the Court deemed the matter submitted.

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon a *de novo* review, and after reviewing the submissions from the parties, the Court hereby adopts Magistrate Judge Scott's recommendation granting in part and denying in part Defendants' motion for summary judgment.

With respect to Defendants' first objection, the Court concurs with Magistrate Judge Scott and finds that material issues of fact exist as to whether Defendant Tracy observed rear window tint, on Plaintiffs' vehicle, beyond the allowed percentage pursuant to New York State's Vehicle and Traffic Law. However, the Court also notes that its finding with respect to the window tinting is irrelevant, since this Court is in agreement with Magistrate Judge Scott that Defendant Tracy had probable cause to initially stop Plaintiffs when he observed the traffic infraction of following too close.  Magistrate Judge Scott correctly concluded that for probable cause purposes, Defendant Tracy needed only reasonable suspicion that a traffic violation occurred, even if the basis for that suspicion was mistaken.  *See United States v. Jenkins*, 452 F.3d 207, 212 (2d. Cir. 2006) (reasonable but mistaken belief as to the facts establishing probable cause will not undermine constitutional validity of a stop).

With respect to Defendants' second objection, this Court agrees with Magistrate Judge Scott that although Plaintiff Rougier initially consented to the

search of his vehicle where it was initially stopped on the I-90, there is a material issue of fact as to whether Plaintiffs' consented to having their vehicle moved to the U.S. Customs' border crossing for further inspection and an x-ray examination.  The record reflects that the parties clearly dispute whether such consent was given, and neither party was able to produce a consent to search form.  (Dkt. No. 59, pg. 21)

In their objections, Defendants argue that "[t]his conclusion fails to recognize that regardless of whether Plaintiffs consented to that move and inspection, Defendants had reasonable suspicion and or probable cause to do so, thereby rendering that action reasonable, and thus, constitutionally permissible." (Dkt. No. 60)  After considering the record as a whole, this Court finds that issues of material fact exist not only as to whether Plaintiff Rougier consented to the further search, but also as to whether Defendants, independent of that consent, had the reasonable suspicion necessary to further detain Plaintiffs and move Plaintiffs' vehicle to a second location, where they conducted a second search and x-ray examination.  (Dkt. No. 52-1, Cohen Aff. ¶¶11-30)  Specifically, there is a factual dispute as to whether a green leafy substance was found in Plaintiffs' trunk, whether the officers found a photograph of Plaintiff Rougier "in a room full of pot", the condition of Plaintiffs' bumper, and the statements made by Plaintiffs to the officers at the time of the stop.  *Id*.

For all of these reasons, all well as the reasons set forth by Magistrate Judge Scott, Defendants are not entitled to summary judgment as to Plaintiffs' claim of unreasonable seizure in violation of the Fourth and Fourteenth Amendments.  *See Williams v. Wood*, 375 Fed. Appx. 98 (2d. Cir. 2010) ("Because the facts in the light most favorable to [plaintiff] fail, under clearly established law, to provide [defendant] with reasonable suspicion to justify stopping [plaintiff]...we conclude that genuine issues of material fact remain and summary judgment should not be granted on the claim of unconstitutional seizure."); *Gilles v. Repicky*, 511 F.3d 239 (2d. Cir. 2007) (plaintiff held at roadside for approximately an hour and a half and then directed to accompany officers to police headquarters, where she was detained another hour and a half, had "demonstrated facts from which a reasonable fact-finder could conclude that her detention without probable cause violated the Fourth Amendment").

For similar reasons, the Court concurs with Magistrate Judge Scott's finding that issues of material fact exist as to whether it was objectively reasonable for individual Defendants to believe that they did not violate Plaintiffs' constitutional rights when they took Plaintiffs to a US Customs' border crossing, searched their car again, and conducted an x-ray examination of the vehicle. Given that material issues of fact exist as to whether the continued detention of Plaintiffs was constitutionally permissible, a reasonable fact-finder could find that it was objectively unreasonable for the officers to conclude that removal of

6

Plaintiffs to a border facility, a further search and x-ray of their car without their consent, and their continued detention for an unspecified amount of time, did not violate Plaintiffs' constitutional rights.[1]  Thus, Defendants are not entitled to qualified immunity at this stage of the litigation.  *See Giles*, 511 F.3d at 247 (plaintiff has a "constitutional right to be free from unreasonably prolonged or intrusive investigative detention" and since defendant had not demonstrated that it was objectively reasonable for him to believe that his conduct did not violate these rights, he was not entitled to the protection of qualified immunity at summary judgment).

Accordingly, for the reasons set forth in Magistrate Judge Scott's Report and Recommendation, and for the reasons set forth herein, Defendants' motion for summary judgment is granted to the extent of dismissing all claims against the Niagara County Sheriff's Department and against Niagara County as to all claims arising from the actions of the Niagara County Sheriff.  Defendants' motion for summary judgment is also granted with respect to Plaintiffs' claims of racial profiling (second cause of action in the amended complaint) and violation of their right to interstate travel (third cause of action in the amended complaint).  Defendants' motion for summary judgment with respect to Plaintiffs' claim of

---

[1] Plaintiffs were detained for approximately three hours as a result of this incident.  There appears to be an issue of fact as to how much of that period of detention they spent at US Customs.

unreasonable seizure (first cause of action in the amended complaint) and with respect to the individual Defendants' claim of qualified immunity is denied.

The case is referred back to Magistrate Judge Scott for further proceedings.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 29, 2013