UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BEVERLY HENRY, THADDEUS ROGIER,

                Plaintiffs,

**Hon. Hugh B. Scott**

10CV800

v.

**CONSENT**

**Final Pretrial Order**

DEPUTY SHERIFF RAY TRACY, DEPUTY SHERIFF
RAYMOND NEEDLE, DEPUTY SHERIFF CRAIG BEITER,
DANIEL DOUGLAS,

                Defendants.

---

Jury selection for trial of this matter is scheduled for **May 12, 2014**. Accordingly, a Final Pretrial Conference was held on Thursday, April 3, 2014 (Docket No. 70).

On or before **April 25, 2014**, counsel are to provide the Court with any ***motions in limine*** relating to the trial in this matter. The party submitting such a motion shall provide legal authority for the relief requested.

On or before **April 25, 2014**, the parties shall make the following submissions:

1. <u>JURY INSTRUCTIONS</u>: The parties must supply copies of their requested charges on the substantive issues. (If available, each party should include a computer flash drive containing the charge with the set of submissions sent to Chambers, in Word format.) Each charge is to contain citations to the authority for the charge. Each charge is to be on a separate sheet of paper, in standard form. The charges are to be presented in a logical sequence, and this submission

should include an index to the charges. The Court will use these charges to help formulate its own charge. <u>Each party is to submit a proposed verdict form, including any special interrogatories that are appropriate</u>. If counsel fails to submit a charge, that charge will not be considered by the Court.

2. <u>TRIAL MEMORANDA</u>: The trial memorandum shall include an outline of the facts and legal arguments to be made. It shall also include:

   a. **Witness List**: Each party must submit the names and addresses all prospective witnesses, including all expert witnesses, and a brief summary of their anticipated testimony. The list must include rebuttal witnesses, but their anticipated testimony need not be summarized. Failure to meet these requirements with respect to any witness may result in preclusion of testimony by that witness.
   b. **Voir Dire**: Counsel may include suggested questions to be included in the *voir dire* conducted by the Court. Although the Court's *voir dire* is fairly comprehensive, the Court will allow counsel for each party to conduct limited *voir dire* as well. *Voir dire* by counsel should be brief and should not be repetitive of previously asked questions.
   c. **Exhibit List**: Each party shall submit a list of exhibits it anticipates using at trial. The exhibits must be pre-marked numerically and any sub-exhibits should be pre-marked pursuant to Rule 79 of the U.S. District Court for the Western District of New York Local Rules of Civil Procedure ("Local Rules"). Failure to list an exhibit may result in preclusion of that exhibit at trial. Common exhibits should be stipulated into evidence and listed on a joint exhibit form. When possible, other exhibits should also be stipulated into evidence. The stipulation must be submitted to the Court. (See Rule 29 of the Local Rules for the stipulation procedure.)
   **<u>Two sets copies of all documentary exhibits shall be submitted to the Court in separate binders</u>**.
   d. The parties shall advise the Court of any unusual or recurring issues, such as evidentiary issues, that are anticipated to arise at trial.

3. <u>DEPOSITION TESTIMONY</u>: If a party intends to use deposition testimony during the course of the trial, that party's counsel must notify the other party's counsel prior to the conference of the deposition testimony intended to be offered, <u>see</u> Fed. R. Civ. P.30. Counsel should

stipulate to the admissibility of such testimony and attempt to resolve any disputes prior to the conference.   To the extent disputes cannot be resolved, counsel shall submit written objections specifying the nature and bases for such objections.   The objections shall be supported by legal authority. Responses to such objections should be filed.   The Court will reserve ruling on the objections until the time of trial unless counsel indicate that an earlier resolution is necessary.

4.      VIDEO TESTIMONY:       If a party intends to use a video deposition at trial, a transcript of the video deposition testimony should also be provided to the Court.


5.      TECHNICAL ISSUES:   Parties having any question relating to the technology in the Courtroom shall contact the IT staff of the Clerk of the Court, (716) 551-1700, or Giuseppe Ippolito, Esq., Courtroom Deputy to Magistrate Judge Hugh B. Scott, (716) 551-1864.


  So Ordered.

                  */s/ Hugh B. Scott*
                  Hon. Hugh B. Scott
                 United States Magistrate Judge


Dated: Buffalo, New York
   April 3, 2014