**INDEX**

**DEFENDANTS' PROPOSED REQUESTS TO CHARGE**

INTRODUCTION ...........................................................................................1

PROPOSED PRE-TRIAL JURY INSTRUCTIONS

1.    §101:01. Opening Instructions.........................................................2

2.    § 101:02. Order of Trial .................................................................4

3.    § 101:03. Claims and Defenses.......................................................5

4.    § 101:10. Province of Judge and Jury............................................6

5.    § 101:12. Juror Conduct.................................................................7

6.    § 101:13. Juror Use of Electronic Technology ...............................9

7.    § 101:16. Notetaking—Prohibited...............................................10

8.    § 101:18. Questions by Jurors—Prohibited ................................11

9.    § 101:19. Unauthorized View Of The Scene................................12

10.   § 101:20. No Transcript Available to Jury ..................................13

11.   § 101:21. Publicity During Trial..................................................14

12.   § 101:30. Judge's Questions to Witnesses...................................15

13.   § 101:31. Bench Conference.........................................................16

14.   § 101:40. Evidence in The Case ..................................................17

15.   § 101:41. Burden of Proof ...........................................................19

16.   § 101:42. Direct and Circumstantial Evidence ...........................20

17.   § 101:43. Credibility of Witnesses .............................................21

18.   § 101:44. What is Not Evidence ..................................................22

19.   § 101:45. Evidence for Limited Purpose ....................................23

20.   § 101:48. Admissions in Stipulations
      (Regarding Plaintiffs' Vehicle Window Tint) ...........................24

21.   § 101:49. Ruling on Objections ................................................................25

PROPOSED POST-TRIAL JURY INSTRUCTIONS

1.   § 103:01. General Introduction ................................................................26

2.   § 103:04. Juror Use of Electronic Communication Technologies ............27

3.   § 103:10. Instructions Apply to Each Party ............................................28

4.   §103:13. Multiple Plaintiffs ....................................................................29

5.   §103:14. Multiple Defendants ................................................................30

6.   §103:30. Evidence in the Case ................................................................31

7.   Judicial Notice of Light Transmittance ..................................................32

8.   § 103:33. Court's Comments not Evidence ..............................................33

9.   § 103:34. Questions Not Evidence ..........................................................34

10.  § 104:01. Preponderance of the Evidence ................................................35

11.  § 104:04. "If you find" or "If you decide" ..............................................36

12.  § 104:05. Direct and Circumstantial Evidence ........................................37

13.  § 104:20. Inferences ................................................................................38

14.  § 104:21. Presumption of Regularity ......................................................39

15.  § 104:22. Finding that Official Report Made ..........................................40

16.  § 104:42. Evidence Admitted for a Limited Purpose Only ......................41

17.  § 104:53. Oral Statements or Admissions ..............................................42

18.  § 105:01. Discrepancies in Testimony ....................................................43

19.  § 105:04. Impeachment- Inconsistent Statement or Conduct
     (*falsus in uno falsus in omnibus*) ..........................................................44

20.  § 105:09. Effect of Prior Inconsistent Statements or Conduct ................45

21.  § 105:11. All Available Witnesses or Evidence Need Not Be Produced ....46

22.  § 106:03. Verdict- One of Multiple Defendants ......................................47

23.   § 106:05. Election of Foreperson – Special Verdict ................................................48

24.   § 106:07. Verdict Forms – Jury's Responsibility ..................................................49

25.   § 106:08. Communications Between Court and Jury During Jury's Deliberations...50

26.   § 165:1. Nature of the Action ...............................................................................51

27.   § 165:20. Essential Elements of Plaintiffs' Claim – Generally ...............................52

28.   § 165:21. Unlawful Seizure ..................................................................................53

29.   Consent ..............................................................................................................55

30.   Probable Cause ...................................................................................................56

31.   Reasonable Suspicion .........................................................................................57

32.   § 165:50. Causation – Generally..........................................................................58

33.   Qualified Immunity Defense ...............................................................................59

34.   § 165:70. Nominal Damages ...............................................................................60

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BEVERLY HENRY and
THADDEUS ROUGIER,

                              Plaintiffs,

vs.                                                          **REQUESTS TO CHARGE**

                                                             **Docket No. 10 –CV-800-A**

DEPUTY SHERIFF RAY TRACY,
DEPUTY SHERIFF RAYMOND NEEDLE,
DEPUTY SHERIFF CRAIG BEITER, and
SHERIFF'S INVESTIGATOR DANIEL DOUGLAS,

                              Defendants.

_____

## INTRODUCTION

Defendants, Deputy Sheriff Ray Tracy, Deputy Sheriff Raymond Needle, Deputy Sheriff Craig Beiter, and Sheriff's Investigator Daniel Douglas submit the following Proposed Jury Charges and respectfully request that the Court charge the jury as set forth herein.

All Federal Pattern Charges listed below are cited from Federal Jury Practice & Instructions, Sixth Edition, except where otherwise indicated.

**PROPOSED PRE-TRIAL JURY INSTRUCTIONS**

1.  **§ 101:01. Opening Instructions[1]**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the Plaintiff. In this action, the Plaintiffs are Beverly Henry and Thaddeus Rougier. The parties being sued are called the Defendants. In this action, the Defendants are Niagara County Sheriff's Deputies, Ray Tracy, Raymond Needle, and Craig Beiter, and Niagara County Sheriff's Investigator Daniel Douglas.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear me say that I have "overruled" an objection, I am permitting that evidence to be admitted.

---

[1]  Although Defendants have asserted a counter claim for recovery of attorney's fees in bringing a frivolous suit, pursuant to 42 USC §1988, Defendants have not requested the permissible alternative language in this charge regarding counterclaims, as it is Defendants' understanding that this Court, not the jury, will determine whether this action is frivolous, whether fees should be awarded and, if so, the amount of same. *See*, LeBlanc-Sternberg v. Fletcher, 143 F.3d 765, 770 (2d Cir. 1998); Murphy v. Bd. of Educ. of Rochester City Sch. Dist., 420 F. Supp. 2d 131, 135 (W.D.N.Y. 2006). If, however, Defendants' understanding is incorrect and this Court intends to submit those issues to the jury, it is respectfully requested that the following language be inserted after the second paragraph of this charge:

The Defendants have filed what is known as a counterclaim in which they seek to recover for Niagara County, the attorney's fees that Niagara County has paid on their behalf in defending this suit on the grounds that this lawsuit is frivolous, unreasonable and without foundation.

§ 101:01. Opening Instructions (cont'd)

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and the evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments or comments on the Internet about the trial.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is the lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

3 Fed. Jury Prac. & Instr. § 101:01 (6th ed.)(As modified).

3

2.       § 101:02. Order of Trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the Plaintiffs will present evidence in support of their claims and the Defendants' lawyer may cross-examine the witnesses. At the conclusion of the Plaintiffs' case, the Defendants may introduce evidence and the Plaintiffs' lawyer may cross-examine the witnesses. The Defendants are not required to introduce any evidence or to call any witnesses. If the Defendants introduce evidence, the Plaintiffs may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

3 Fed. Jury Prac. & Instr. § 101:02 (6th ed.)(As modified).

4

3.      § 101:03. Claims and Defenses

The positions of the parties can be summarized as follows:

Plaintiffs claim that Defendants violated their Fourth Amendment right against unreasonable seizures when Defendants transported Plaintiffs' vehicle to U.S. Customs and Border Protection in order to x-ray it.

Defendants deny that they violated Plaintiffs' Fourth Amendment right because Plaintiff consented to transporting and x-raying his vehicle, and because they had a reasonable suspicion and probable cause to believe the vehicle contained contraband, and/or they had an objectively reasonable belief that their acts did not violate the Plaintiffs' constitutional rights.

3 Fed. Jury Prac. & Instr. § 101:03 (6th ed.)(As modified).

4.    § 101:10. Province of Judge and Jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision.  You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts.  I must stress that you must accept the rules of law that I give you, whether or not you agree with them.  The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

3 Fed. Jury Prac. & Instr. § 101:03 (6th ed.).

5.       § 101:12. Juror Conduct

As far as your own conduct during the trial, I must caution you that you are not to discuss this case either among yourselves or with anyone else during the trial.

You must not permit any third person to discuss this case in your presence, and if anyone does so, despite your telling them not to, you should report that fact to me. I understand that it is a normal human tendency to want to talk with people with whom one comes into contact; however, please do not, during the time you serve on this jury, speak, whether in or out of the courtroom, with any of the parties or their lawyers or any witnesses. By this I mean not only do not speak about the case but also do not speak at all even to pass the time of day. In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

It is important that this trial is treated seriously and that the jury maintain proper decorum in the courtroom. Please refrain from talking to each other while we are on the record. Please do not react with any comments or other audible response to any questions asked by counsel or answers given by the witnesses.

In fairness to the parties to this lawsuit, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions on the law. You will then be in a position to intelligently and fairly exchange your views with other jurors as you deliberate upon the verdict to be submitted to you.

- Since you will be deciding this case solely on the evidence received along with my instructions on the law, you must not make any independent investigation of the facts or the law.

- Do not research any information that you personally think might be helpful to you in understanding the issues presented.

- Do not investigate this case on your own in any manner, shape or form.

- Do not read any newspaper reports or listen to any news reports on radio, television or on the Internet.

- Do not visit the scene-on or via the internet.

- Do not conduct experiments.

- Do not consult dictionaries, computers, websites or other reference materials for additional information.

§ 101:12. Juror Conduct (cont'd)

- Do not seek information regarding the public records of any party, witness or lawyer in this case. Any information you obtain outside the courtroom could be misleading, inaccurate, or incomplete. Relying on this information is unfair because the parties would not have the opportunity to refute, explain or correct it.

- Do not communicate with anyone about this trial or your experience as a juror while you are serving on this jury.

- Do not use a computer, cell phone, or other electronic device with communication capabilities to share any information about this case. For example, do not communicate by blog, email, text message, Twitter, Facebook status update, or in any other way, on or off the computer.

- Do not permit anyone to communicate with you. If anyone does so despite your telling the person not to, you should report that to me. I appreciate that it is tempting when you go home in the evening to discuss this case with another member of your household or friends, but you may not do so. This case must be decided by you the jurors, based on the evidence presented in the courtroom. People not serving on this jury have not heard the evidence, and it is improper for them to influence your deliberations and decision in this case. After this trial is completed, you are free to communicate with anyone in any manner.

These rules are intended to assure that jurors remain impartial throughout the trial. If any juror has reason to believe that another juror has violated these rules, you should report that to me.  If jurors do not comply with these rules, it would result in a new trial involving additional time and significant expense to the parties and the taxpayers.

3 Fed. Jury Prac. & Instr. §101:12 (6th  ed.)

6.      § 101:13. Juror Use of Electronic Technology

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or organizations involved in the case.  In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end. I hope that for all of you this case is interesting and noteworthy. I know that many of you use cell phones, Blackberries, iPhones, the Internet and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube.

3 Fed. Jury Prac. & Instr. §101:13 (6th  ed.)

9

7.      § 101:16. Notetaking—Prohibited

I do not believe it would be useful or helpful for you to take notes during the trial. Taking notes may distract you so that you cannot give attention to all the testimony. Please do not take any notes while you are in the courtroom.

3 Fed. Jury Prac. & Instr. § 101:16 (6th ed.)

8.    <u>§ 101:18. Questions by Jurors—Prohibited</u>

I do not permit jurors to ask questions of witnesses or of the lawyers.  Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

3 <u>Fed. Jury Prac. & Instr.</u> § 101:18 (6th ed.)

9.    § 101:19. Unauthorized View Of The Scene

Since this case involves an incident that occurred at a certain place, you may be tempted to visit the scene yourself. Please do not do so. By making an unguided visit without the benefit of explanation, you may get the wrong impression about the location or witnesses who have testified about it.   Changes may have taken place at the scene in the period between the occurrence referred to in this trial.

Even if you happen to live near the place, please avoid going to it or near it until the case is over. An unauthorized viewing of the scene by a juror may result in a mistrial and a second trial.

3 Fed. Jury Prac. & Instr. § 101:19 (6th ed.)(As modified).

12

10.    <u>§ 101:20. No Transcript Available to Jury</u>

At the end of the trial, you will have to make your decision based on what you remember about the evidence. You will not have a written transcript to read, and it is difficult and time consuming for the reporter to read back testimony. I urge you to pay close attention to the testimony as it is presented at the trial.

3 <u>Fed. Jury Prac. & Instr.</u> § 101:20 (6th ed.)(As modified).

11.　　§ 101:21. Publicity During Trial

If there is publicity about this trial, you must ignore it. Do not read anything or listen to any television or radio programs about the case. You must decide this case only from the evidence presented in the trial.

3 Fed. Jury Prac. & Instr. § 101:21 (6th ed.)

12.    <u>§ 101:30. Judge's Questions to Witnesses</u>

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.

3 <u>Fed. Jury Prac. & Instr.</u> § 101:30 (6th ed.)

13.    § 101:31. Bench Conference

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

3 Fed. Jury Prac. & Instr. § 101:31 (6th ed.)

14.     § 101:40. Evidence in The Case

The evidence in the case will consist of the following:

1.   The sworn testimony of the witnesses, no matter who called a witness.

2.   All exhibits received in evidence, regardless of who may have produced the exhibits.

3.   All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

17

§ 101:40. Evidence in The Case (cont'd)

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

3 Fed. Jury Prac. & Instr. § 101:40 (6th ed.)(As modified).

18

15.    <u>§ 101:41. Burden of Proof</u>

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

3 <u>Fed. Jury Prac. & Instr.</u> § 101:41 (6th ed.).

19

16.    <u>§ 101:42. Direct and Circumstantial Evidence</u>

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

3 <u>Fed. Jury Prac. & Instr.</u> § 101:42 (6th ed.).

17.     <u>§ 101:43. Credibility of Witnesses</u>

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

3 <u>Fed. Jury Prac. & Instr.</u> § 101:43 (6th ed.).

18.      § 101:44. What is Not Evidence

In deciding the facts of this case, you are not to consider the following as evidence:
statements and arguments of the lawyers, questions and objections of the lawyers,
testimony that I instruct you to disregard, and anything you may see or hear when the
court is not in session even it what you see or hear is done or said by one of the parties or
by one of the witnesses.

3 Fed. Jury Prac. & Instr. § 101:44 (6th ed.).

19.    <u>§ 101:45. Evidence for Limited Purpose</u>

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other.

3 <u>Fed. Jury Prac. & Instr.</u> § 101:45 (6th ed.).

20.   § 101:48. Admissions in Stipulations (Regarding Plaintiffs' Vehicle Window Tint)

New York State Vehicle and Traffic Law §250 exempts non-residents from vehicle registration and vehicle equipment requirements, but that statute defines a resident to "mean domiciliary, that is one who lives in this state with the intention of making it a fixed and permanent abode.  It shall be presumptive evidence that a person who maintains a place of abode in this state for a period of at least ninety days is a resident of this state."[1]  Pursuant to New York Vehicle and Traffic Law §250(5), based upon Mr. Rougier's own testimony, he is, indeed, considered a resident of New York State for purposes of New York Vehicle and Traffic Law and as such, his vehicle must comply with New York Vehicle and Traffic Law.

It has been established that the tint level in Plaintiff's vehicle driver side front window was 35% or less light transmittance and the rear driver side window was 39-40% light transmittance, both of which are well below the New York Vehicle and Traffic Law requirement that the windows have a minimum of 70% light transmittance.

You will therefore take these facts to be true for purposes of this case.


3 Fed. Jury Prac. & Instr. § 101:48 (6th ed.)(As modified).

_____
[1] New York Vehicle and Traffic Law §250(5).

24

21.     § 101:49. Ruling on Objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object.   If I overrule the objection, the question may be answered or the exhibit received into evidence.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been.   In addition, you must not consider evidence that I have ordered stricken from the record.

3 Fed. Jury Prac. & Instr. § 101:49 (6th ed.).

## PROPOSED POST-TRIAL JURY INSTRUCTIONS

1.    § 103:01. General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

3 Fed. Jury Prac. & Instr. § 103:01 (6th ed.)(As modified).

2.      § 103:04. Juror Use of Electronic Communication Technologies

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, or any text or instant messaging service, or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

3 Fed. Jury Prac. & Instr. § 103:04 (6th ed.)

27

3.    § 103:10. Instructions Apply to Each Party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each Plaintiff and to each Defendant in this case.

3 Fed. Jury Prac. & Instr. § 103:10 (6th ed.)

4.      §103:13. Multiple Plaintiffs

Although there are two Plaintiffs in this action, it does not follow from that fact alone that if one Plaintiff is entitled to recover, both are entitled to recover. The Defendants are entitled to a fair consideration as to each Plaintiff, just as each Plaintiff is entitled to a fair consideration of that Plaintiff's claim against the Defendants.  All instructions I give you govern the case as to each Plaintiff.

3 Fed. Jury Prac. & Instr. § 103:13 (6th ed.)(As modified).

29

5.      §103:14. Multiple Defendants

Although there is more than one Defendant in this action, it does not follow from that fact alone that if one Defendant is liable to the Plaintiffs, all Defendants are liable.   Each Defendant is entitled to a fair consideration of the evidence.   No Defendant is to be prejudiced should you find against the other.   All instructions I give you govern the case as to each Defendant.

3 Fed. Jury Prac. & Instr. § 103:14 (6th ed.)(As modified).

6.     §103:30. Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to, and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence.   The lawyers are not witnesses.     What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, unless otherwise instructed you must accept my declaration as evidence and regard as proved the fact or event that has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

3 Fed. Jury Prac. & Instr. § 103:30 (6th ed.)(As modified).

7.     Judicial Notice of Light Transmittance

At times during this trial, I took judicial notice of certain facts or events. Specifically, I took judicial notice of the fact that Mr. Rougier's vehicle violated New York State law, which requires all vehicles operated on New York State public highways to have side windows with a light transmittance of at least seventy percent.

Therefore, you must accept my declaration and regard as proved the fact that Mr. Rougier's vehicle was equipped with side windows whose light transmittance was less than seventy percent, in violation of New York State Law.

8.      <u>§ 103:33. Court's Comments not Evidence</u>

The law permits me to comment on the evidence in the case.  These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

3 <u>Fed. Jury Prac. & Instr.</u> § 103:33 (6th ed.)

9.      § 103:34. Questions Not Evidence

If a lawyer asks a witness a question concerning an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

3 Fed. Jury Prac. & Instr. § 103:34 (6th ed.)

10.     § 104:01. Preponderance of the Evidence

Plaintiffs have the burden in a civil action, such as this, to prove every essential element of Plaintiffs' claim by a preponderance of the evidence. If Plaintiffs should fail to establish any essential element of Plaintiffs' claim by a preponderance of the evidence, you should find for Defendants as to that claim.

The Defendants have the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.)(As modified).

35

11.  §  104:04. "If you find" or "If you decide"

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

3 Fed. Jury Prac. & Instr. § 104:04 (6th ed.)

12.   § 104:05. Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence presented during a trial-direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

3 Fed. Jury Prac. & Instr. § 104:05 (6th ed.)

13.    § 104:20. Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

3 Fed. Jury Prac. & Instr. § 104:20 (6th ed.).

14.     § 104:21. Presumption of Regularity

Unless outweighed by evidence to the contrary, you may find an official duty has been regularly performed, private transactions have been fair and regular, the ordinary course of business or employment has been followed, things have happened according to the ordinary course of nature and the ordinary habits of life, and the law has been obeyed.

3 Fed. Jury Prac. & Instr. § 104:21 (6th ed.)

15.   § 104:22. Finding that Official Report Made

Where it is the duty of a lower or subordinate official to report to the official's superior, or where it is the duty of a superior official to report or give information to a lower or subordinate official, you may find this official duty was regularly performed, in the absence of evidence in the case leading you to a different conclusion.

3 Fed. Jury Prac. & Instr. § 104:22 (6th ed.)

16.    § 104:42. Evidence Admitted for a Limited Purpose Only

Sometimes evidence may be admitted concerning only a particular party or only for a particular purpose and not generally against all parties or for all purposes. For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

3 Fed. Jury Prac. & Instr. § 104:42 (6th ed.).

17.     § 104:53. Oral Statements or Admissions

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person alleged to have made the statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

3 Fed. Jury Prac. & Instr. § 104:53 (6th ed.).

18.     § 105:01. Discrepancies in Testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

3 Fed. Jury Prac. & Instr. § 105:01 (6th ed.).

19.    <u>§ 105:04. Impeachment- Inconsistent Statement or Conduct</u>
       (*falsus in uno falsus in omnibus*)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 <u>Fed. Jury Prac. & Instr.</u> § 105:04 (6th ed.).

44

20.    <u>§ 105:09. Effect of Prior Inconsistent Statements or Conduct</u>

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 <u>Fed. Jury Prac. & Instr.</u> § 105:09 (6th ed.).

21.     § 105:11. All Available Witnesses or Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

3 Fed. Jury Prac. & Instr. § 105:11 (6th ed.).

22.    § 106:03. Verdict- One of Multiple Defendants

At any time during your deliberations, you may submit to the court your verdict as to any party concerning whom you have unanimously agreed.

3 Fed. Jury Prac. & Instr. § 106:03 (6th ed.).

23.     § 106:05. Election of Foreperson – Special Verdict

Upon retiring to the jury room, you will select one of you to as your foreperson. The foreperson will preside over deliberations, and will be your spokesperson here in court.

A special verdict form has been prepared for your convenience. You will take this form to the jury room.

Each of the interrogatories or questions calls for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.

The first question concerns Plaintiff, Thaddeus Rougier. There are then a series of questions regarding each defendant, grouped together by defendant.

As you will note from the wording of the questions, it will not be necessary to consider or answer question (2) regarding Defendant, Deputy Ray Tracy, if your answer to question (1) is "Yes." Nor will it be necessary for you to consider or answer questions (3)-(6), regarding Deputy Ray Tracy, unless your answer to question (2) is "No."

The same holds true for the subsequent groups of questions regarding Defendants, Deputy Sheriff Raymond Needle, Deputy Sheriff Craig Beiter, and Sheriff's Investigator Daniel J. Douglas. Unless your answer to the first question regarding each Defendant is "No," there will be no need for you to answer the subsequent questions about that Defendant.

To summarize, if your answer to question (1) is "Yes," the foreperson will date and sign the special verdict, without answering the remaining questions. On the other hand, if your answer to question (1) is "No," then you will answer some or all of the questions that follow as instructed on the special verdict form. The foreperson will then date and sign the special verdict as completed; and you will then return with it to the courtroom.

3 Fed. Jury Prac. & Instr. § 106:05 (6th ed.)(As modified).

24.   §106:07. Verdict Forms – Jury's Responsibility

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

3 Fed. Jury Prac. & Instr. §106:07 (6th ed.).

25.      § 106:08. Communications Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person not even to me how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

3 Fed. Jury Prac. & Instr. § 106:08 (6th ed.).

50

26.     § 165:1. Nature of the Action

Plaintiffs, Beverly Henry and Thaddeus Rougier, claim damages alleged to have been sustained as a result of a deprivation, under color of state law, of a right secured to them by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Plaintiffs, Beverly Henry and Thaddeus Rougier, allege the defendant Sheriff's Deputies and Investigator subjected them to a deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the constitutional right to be to be secure against unreasonable seizures of their persons.

Defendants Deputies and Investigator deny that any of their actions during the time in question violated plaintiffs' constitutional rights.  Defendant Sheriff's Deputies and Investigator claim that they had Mr. Rougier's consent to transport his vehicle to U.S. Customs and Border Protection to be x-rayed; that they were acting in good faith and with reasonable suspicion and/or probable cause to transport the vehicle for x-ray inspection; and that their actions were reasonable.  Defendant Sheriff's Deputies and Investigator further claim that it was objectively reasonable for them to believe that their conduct did not violate Plaintiffs' constitutional rights, and they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

3B Fed. Jury Prac. & Instr. § 165:1 (6th ed.)(As modified).

27.    § 165:20.  Essential Elements of Plaintiffs' Claim – Generally

In order to prove their claim, the burden is upon Plaintiffs, Thaddeu Rougier and Beverly Henry, to establish by a preponderance of the evidence each of the following elements:

First: Defendant Sheriff's Deputies and Investigator performed acts that operated to deprive plaintiffs of one or more of their federal Constitutional rights, as defined and explained in these instructions, when they transported Plaintiffs' vehicle to U.S. Customs and Border Protection to be x-rayed.

Second: Defendant Sheriff's Deputies and Investigator then and there acted under color of state law; and

Third: Defendant Sheriff's Deputies and Investigator's acts were the proximate cause of damages sustained by Plaintiffs, Thaddeus Rougier and Beverly Henry.

Because Defendants, Deputy Sheriff Ray Tracy, Deputy Sheriff Raymond Needle, Deputy Sheriff Craig Beiter, and Sheriff's Investigator Daniel Douglas were officials of Niagara County at the time of the acts in question, they were acting under color of state law.  In other words, the second requirement is satisfied.

3B Fed. Jury Prac. & Instr. § 165:20 (6th ed.)(As modified).

28.    § 165:21. Unlawful Seizure

Plaintiffs, Thaddeus Rougier and Beverly Henry, claim that they were unlawfully seized. The United States Constitution provides that no person may be seized without due process of law. This means that a person may not be seized without probable cause. The Sheriff's Deputies and/or Investigator must have information that would lead a reasonable person possessing the same official expertise as the officer to conclude that the person being seized committed or is about to commit a crime.

A "seizure" occurs when a person's liberty is restrained.[1]  A person's liberty is restrained when, under all circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and go about his or her business.[2]  However, "plaintiffs did not have a right to be instantly released."[3]  While conducting the stop, the officer may discover an independent basis for further investigation which "may necessitate prolonging the stop to investigate such wrongdoing."[4]

Here, Plaintiffs claim that they were subject to an unreasonable seizure when Defendants transported their vehicle to U.S. Customs and Border Protection to be x-rayed.  Before you can determine whether Plaintiffs were deprived by the Defendants of their liberties "without due process of law", you must determine from a preponderance of evidence in the case:

First: Whether Defendants committed the acts alleged, and if so,

Second: Whether Defendants acted under circumstances within or without the bounds of their lawful authority under the law.  If Defendants acted within the limits of their lawful authority under the law, then Defendants could not have deprived Thaddeus Rougier and Beverly Henry of any right "without due process of law."

Under the law, Sheriff's Deputies and/or Investigators may not unreasonably seize a person without probable cause.  Probable cause exists when police officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution to believe that the person to be seized has committed or is committing a crime.[5]

---

[1] United States v. Mendenhall, 446 U.S. 544, 552, 100 S. Ct. 1870, 1876 (1980); Terry v. Ohio, 392 U.S. 1, 19 at n. 16, 88 S. Ct. 1868, 1879 at n. 16 (1968).

[2] Id.

[3] See, Magistrate Judge Hugh B. Scott's November 5, 2012 Report & Recommendation (Docket No. 59), at p. 18, citing United States v. Harrison, 606 F.3d.42, 45 (2d Cir. 2010).

[4] See, id., citing Sakoc v. Carlson, 2012 U.S. Dist. LEXIS 128171, at *22 (Vt., Sept. 10, 2012).

[5] Gilles v. Repicky, 511 F.3d 239, 245 (2d Cir. 2007) (citations omitted).

<u>§ 165:21. Unlawful Seizure</u> (cont'd)

In determining whether Defendants had reasonable grounds to believe that Plaintiffs had committed an offense, and therefore acted with probable cause and within their lawful authority, the facts known to Defendants need not meet the standard of conclusiveness upon which a conviction must be based.  Rather, the actions of Defendants in seizing Plaintiffs are to be measured by the test of what a reasonable person would have believed under the same circumstances.

3B <u>Fed. Jury Prac. & Instr.</u> § 165:21 (6th ed.) (modified in accordance with the law noted herein).

29.    Consent

As you have heard, the Fourth Amendment prevents Sheriff's Deputies and/or Investigators from unreasonably "seizing" private individuals under certain circumstances. One of these circumstances is where a private individual consented to the seizure. Under the law, if a private citizen expressly consents to a seizure of his person or property, then that seizure is reasonable.[1] Reasonable seizures do not violate a private individual's Fourth Amendment rights.[2]

In deciding whether or not Plaintiffs' Fourth Amendment right against unreasonable seizure was violated, you must consider whether or not Mr. Rougier consented to having his vehicle transported to U.S. Customs and Border Protection for an x-ray inspection.

If you find that Mr. Rougier consented to having the vehicle transported to U.S. Customs and Border Protection to be x-rayed, then you must find that Defendants are not liable to Plaintiffs.

---

[1] Florida v. Jimeno, 500 U.S. 248, 250-51 (1991) (a consensual seizure or search does not violate the Fourth Amendment because it is "no doubt" reasonable for the police to effectuate a seizure or conduct a search once they have been permitted to do so); United States v. Garcia, 56 F.3d 418, 422 (2nd Cir. 1995) ("It is by now well established that while a warrantless search . . .is generally unreasonable and therefore violates the Fourth Amendment, which proscribes 'unreasonable searches [and seizures],' an individual may consent to a search, thereby rendering it reasonable.").

[2] Carroll v. United States, 267 U.S. 132 (1925) ("The Fourth Amendment does not denounce all searches or seizures, but only such as are unreasonable.") Florida v. Jimeno, 500 U.S. at 250 ("The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable."). See, also, Illinois v. Rodriguez, 497 U.S. 177 (1990).

30.    Probable Cause

As you have heard, the Fourth Amendment prevents Sheriff's Deputies and/or Investigators from unreasonably "seizing" private individuals. When Sheriff's Deputies' and/or Investigators' seizure of a person is supported by probable cause, then the Sheriff's Deputies and/or Investigators have acted within the limits of their lawful authority under the law and the seizure is considered reasonable.[1]  Reasonable seizures do not violate a private individual's Fourth Amendment rights.[2]

Probable cause exists when Sheriff's Deputies and/or Investigators have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution to believe that the person to be seized has committed or is committing a crime.[3]  In determining whether Defendants had probable cause to transport Mr. Rougier's vehicle to U.S. Customs and Border Protection for an x-ray, and therefore acted within their lawful authority, the facts known to Defendants need not meet the standard of conclusiveness upon which a conviction must be based.  Rather, the actions of Defendants in seizing Plaintiffs are to be measured by the test of what a reasonable person would have believed under the same circumstances.

If you find that Defendants had probable cause to transport Mr. Rougier's vehicle to U.S. Customs and Border Protection to be x-rayed, then you must find that Defendants are not liable to Plaintiffs.

*See generally,* 3B Fed. Jury Prac. & Instr. § 165:21 (6th ed.) (modified in accordance with the law noted herein).

---

[1] *See,* Dunaway v. New York, 442 U.S. 200, 214 (1979).

[2] Carroll v. United States, 267 U.S. 132 (1925) ("The Fourth Amendment does not denounce all searches or seizures, but only such as are unreasonable.")  Florida v. Jimeno, 500 U.S. at 250 ("The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable."); *see also,* Illinois v. Rodriguez, 497 U.S. 177 (1990).

[3] Gilles v. Repicky, 511 F.3d 239, 245 (2d Cir. 2007) (citations omitted).

31.    <u>Reasonable Suspicion</u>

While conducting a vehicle stop, an officer may discover an independent basis for further investigation which "may necessitate prolonging the stop to investigate such wrongdoing."… To determine whether an officer had a reasonable suspicion to extend the scope of a traffic stop, [you must] look to the 'totality of the circumstances', … considered 'through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training'."[1]

---

[1] *See,* Magistrate Judge Hugh B. Scott's November 5, 2012 Report & Recommendation (Docket No. 59), at p. 18, citing <u>Sakoc v. Carlson</u>, 2012 U.S. Dist. LEXIS 128171, at *22 (Vt., Sept. 10, 2012); <u>United States v. Jenkins</u>, 452 F.3d.207, 214 (2d Cir. 2006); <u>United States v. Arvizu</u>, 534 U.S. 266, 237 (2002); and <u>United States v. Bayless</u>, 201 F.3d.116, 133 (2d Cir. 2000).

32. <u>§ 165:50. Causation – Generally</u>

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiffs, Thaddeus Rougier and Beverly Henry, and that Plaintiffs' injuries or damages were either a direct result or a reasonably probable consequence of the act or omission.

Plaintiffs have the burden of proving each and every element of their claim by a preponderance of the evidence.  If you find Plaintiffs have not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Defendants.

Defendants have the burden of proving each element of their affirmative defenses by a preponderance of the evidence.

3B <u>Fed. Jury Prac. & Instr.</u> § 165:50 (6th ed.)(As modified).

33.    Qualified Immunity Defense

As you have heard, Plaintiffs claim that Defendants, while acting under color of state law, deprived them of a constitutional right.  The constitutional right that Plaintiffs claim the Defendants violated is the right to be free of seizures without due process of law.

If you find that Plaintiffs have proven their claim in accordance with the rules as I have read them to you, you must next consider the Defendants' defense that their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident and that they are therefore not liable.

Sheriff's Deputies and Investigators are presumed to know about the clearly established constitutional rights of citizens.  If, after considering the scope of discretion and responsibility generally given to Sheriff's Deputies and Investigators in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the vehicle stop, you find by a preponderance of the evidence that Plaintiffs have proved either (1) that the Defendants were plainly incompetent or that (2) Defendants knowingly violated the law regarding the Plaintiffs' constitutional rights, you must find for the Plaintiffs.

If, however, you find that (1) the Defendants' conduct did not violate any of Plaintiffs' clearly established constitutional rights; or (2) it was objectively reasonable for Defendants to believe that their acts did not violate the Plaintiffs' constitutional rights, then you cannot find Defendants liable even if the Plaintiffs' rights were in fact violated as a result of the Defendants' objectively reasonable action.[14]

Fifth Circuit Pattern Civil Jury Instructions, Instruction No. 10.1 (2006) (as modified in accordance with applicable law cited, herein).

---

[14] Fowler v. Robinson, 94-CV-836, 1996 WL 67994 (N.D.N.Y. Feb. 15, 1996), *citing*, Oliveira v. Mayer, 23 F.3d 642, 648 (2nd Cir. 1994), *cert. denied,* 115 S.Ct. 721 (1995).

34.     § 165:70. Nominal Charges

The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no[1] actual damages flow from the deprivation.  As such, if you find for Plaintiff, Thaddeus Rougier and/or Beverly Henry, but you also find that the Plaintiff has failed to prove any actual damages, you shall return an award of nominal damages not to exceed one dollar.

3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.)(As modified).

---

[1] Charge §165:70 entitled Compensatory and Nominal Damages, contained in Fed. Jury Prac. & Instr. § 165:70 (6th ed.), states, "even when actual damages flow from the deprivation."  However, it is believed that this is a typographical error.

60