UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BEVERLY HENRY and
THADDEUS ROUGIER,

                           Plaintiffs,                            **Hon. Hugh B. Scott**

                                                                 10CV800

                              v.                                 CONSENT

                                                                   **Order**

RAY TRACY, et al.,

                           Defendants.

Before the Court is defendants' bill of costs (Docket No. 120), opposed by plaintiffs (Docket No. 128) in their counsel's Declaration and Memorandum of Law. Responses were due July 22, 2014, with any reply due August 12, 2014 (Notice of Intent to Tax Costs, dated July 1, 2014). Defendants submitted their attorney's Reply Affidavit (Docket No. 129), and the matter was submitted as of August 5, 2014. This bill follows the May 12, 2014, jury trial in this action (see Docket No. 112) and entry of judgment for defendants (Docket No. 115). Familiarity with proceedings in this action is presumed.

BACKGROUND

This was a civil rights action by plaintiffs challenging the stop and search of their vehicle during an April 2009 traffic stop on Interstate Route 190 approaching the Lewiston-Queenston Bridge. Defendants submitted a Bill of Costs of $1,177.95, claiming $302.95 for a portion of the

costs of service of summons and subpoenas (see Docket No. 120, Def. Atty. Aff. ¶¶ 3-4, Ex. A) and $875.00 for printing the transcript of plaintiffs' depositions (id. ¶ 5, Ex. B).

One trial exhibit was the 1995 Lexus owned by plaintiff Thaddeus Rougier (Docket No. 90, Pls. Supp'al Exhibit List, Ex. 55). Plaintiffs claim that part of the costs was for serving a trial subpoena upon Bay Ridge Lexus for vehicle repair records for the 1995 Lexus (Docket No. 128, Pls. Atty. Decl. ¶ 4). They now object to imposing the costs sought in the Bill of Costs, arguing, first, that they have financial hardships (including the storage and transport of the 1995 Lexus from Brooklyn, New York, to this District) that should preclude imposing these costs (Docket No. 128, Pls. Memo. at 5), although there is no affidavit from either plaintiff of their financial hardship and neither party proceeded in this case in forma pauperis. Second, plaintiffs argue that this case presented important public issues and complex facts, namely the degree of consent plaintiff Rougier gave to conducting the search at issue (id. at 5-6).

Defendants dispute plaintiffs' claims of poverty and concludes that plaintiffs could afford the costs sought (Docket No. 129, Defs. Atty. Reply Aff. ¶¶ 4-6, Exs. A, B, ¶¶ 7-10). Plaintiffs brought this action and conducted it in this District and therefore should not complain about the expenses they incurred traveling to Buffalo for this trial (id. ¶¶ 10-11). Defendants also deny any complexity in this case or that it involved matters of public importance (id. ¶ 12), since this case involved a one week trial, with six witnesses, and 24 admitted exhibits (id. ¶ 13). Defendants argue that plaintiffs provide no authority that raising constitutional claims fall within the broad claim of public importance to deny opponents recovery of costs (id. ¶ 14). Defendants conclude that plaintiffs failed to show that exceptional circumstances exist here to warrant not imposing costs upon the losing parties (id. ¶ 15).

DISCUSSION

As stated by plaintiffs (Docket No. 128, Pls. Memo. at 4-5), costs should be allowed to the prevailing parties, Fed. R. Civ. P. 54(d)(1); W.D.N.Y. Loc. Civ. R. 54(a), with the Court Clerk taxing costs on fourteen days' notice, Fed. R. Civ. P. 54(d)(1).  Imposition of costs is the norm, Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001); Mercy v. County of Suffolk, 748 F.2d 52, 54 (2d Cir. 1984) (Docket No. 129, Defs. Atty. Reply Aff. ¶ 3).  This Court has the discretion in that taxation of costs, including denying costs, Compania Pelineon de Navegacion, S.A. v. Texas Petroleum Co., 540 F.2d 53, 56-57 (2d Cir. 1976); see DCL Mgmt. Corp. v. Town of Hyde Park, 179 F.3d 63, 63 (2d Cir. 1999) (per curiam) (applying Fed. R. App. P. 39 and taxation of costs) (Docket No. 128, Pls. Memo. at 4).  The burden is upon the losing party to show that costs should not be imposed, Whitfield, supra, 241 F.3d at 270 (Docket No. 129, Defs. Atty. Reply Aff. ¶ 3); Chapman v. Choicecare Long Island Long Term Disability, 98-CV-4475, 2007 U.S. Dist. LEXIS 35861, at *33 (E.D.N.Y. May 16, 2007).

Under Federal Appellate Rule 39, there are various factors when the "denial of costs may be appropriate where a losing party can demonstrate misconduct by a prevailing party, the public importance of the case, the difficulty of the issues presented, or its own limited financial resources," Moore v. County of Delaware, 586 F.3d 219, 221 (2d Cir. 2009) (per curiam) (id. at 4-5); see Whitfield, supra, 241 F.3d at 270 (applying standard to Civil Rule 54 taxation of costs).  Denial of costs under Civil Rule 54 usually involve bad faith or misconduct by the prevailing party, Millea v. Metro-North R.R. Co., No. 3:06-cv-1929, 2010 U.S. Dist. LEXIS 1436, at *23-24 (D. Conn. Jan. 8, 2010); Remington Products, Inc. v. North Am. Philips Corp., 763 F. Supp. 683, 687-88 (D. Conn. 1991).

Assuming the Appellate Rule 39 standard applies to a Federal Civil Rule 54 taxation of costs, see Whitfield, supra, 241 F.3d at 270, two of the factors plaintiffs point to do not justify avoiding taxing costs upon them. First, we have only general representations by plaintiffs' counsel of their financial hardship without substantiation directly from plaintiffs of their inability to pay the almost $1,200 claimed as costs (see Docket No. 129, Defs. Atty. Reply Aff. ¶ 4). The "losing party's indigency per se does not automatically preclude an award of costs," id. (citing McGill v. Faulkner, 18 F.3d 456, 459-60 (7th Cir. 1994)). Second, as for the claimed complexity of the issues, the issues (while contentious) were not as complicated to warrant denying costs. As to the scope of Rougier's consent, it was an issue of fact for jury determination and not complicated enough to excuse costs. The factor chiefly used in denial of costs, misconduct of the prevailing party, is not present here or even argued by plaintiffs.

Furthermore, plaintiffs fail to show that their constitutional claims raised an issue of public importance that, although they lost, they should not be burdened by the costs claimed by defendants.

This Court declines to exercise its discretion to deny imposing costs here.

CONCLUSION

For the reasons stated above, defendants' Bill of Costs claiming $1,177.95 (Docket No. 120) is **granted**. The Court Clerk is directed to tax costs of **$1,177.95** upon plaintiffs.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
August 5, 2014